■ Maria Cruz et al., Appellants, v Victor M. Gany et al., Respondents. [993 NYS2d 347]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated July 17, 2013, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Rebecca Hernandez on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the appeal by the plaintiff Maria Cruz is dismissed, as she is not aggrieved by the order appealed from (*see* CPLR 5501); and it is further;

Ordered that the order is reversed insofar as appealed from by the defendant Rebecca Hernandez, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Rebecca Hernandez is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff Rebecca Hernandez.

The defendants failed to meet their prima facie burden of showing that the plaintiff Rebecca Hernandez did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address Hernandez's claim, set forth in the bills of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by Hernandez in opposition were sufficient to raise a triable issue of fact (*see id.*). Therefore, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Hernandez. Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.